IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TYRUN BELL, LEE BELL, ROSHUN GILMORE, and KEITH PORTER,<br><br>Plaintiffs,<br><br>v.<br><br>YOUNG MANAGEMENT CORPORATION, and KENT YOUNG<br><br>Defendants. | CASE NO. 20-CV-2047<br><br><br>FIRST AMENDED COMPLAINT AND JURY DEMAND |

**COME NOW**, the Plaintiffs, Tyrun Bell, Lee Bell, Roshun Gilmore, and Keith Porter, by and through their undersigned counsel, and for their cause of action respectfully states to the Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Tyrun Bell was at all relevant times a resident of Black Hawk County, Iowa.

2. Plaintiff Lee Bell was at all relevant times a resident of Black Hawk County, Iowa.

3. Plaintiff Roshun Gilmore was at all relevant times a resident of Black Hawk County, Iowa.

4. Plaintiff Keith Porter was at all relevant times a resident of Black Hawk County, Iowa.

5. Defendant Young Management Corporation (hereinafter Young Management) is a corporation with its principle place of business in Bucyrus, Kansas, and engages in business throughout the State of Iowa.

6. Defendant Kent Young was a Regional Supervisor for Young Management, was a supervisor of the Plaintiffs and upon information and belief was a resident of Florida.

7. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1).

8. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C §1391(b)(2) and 28 U.S.C. §1441(a).

9. The amount in controversy exceeds the jurisdiction amounts.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiffs are all African American males.

11. Plaintiffs were hired by Central States Property as maintenance workers.

12. On January 1, 2018. Young Management overtook the management duties for Central States Property.

13. Plaintiffs continued as maintenance workers for Young Management for Heritage Apartments and various other properties located in Waterloo, Iowa.

14. After Young Management took over management of the properties Plaintiffs worked at, Plaintiffs began to be treated differently by Young because of their race.

2

15. Plaintiffs were not allowed keys to the company vehicles in which their Caucasian co-workers were allowed to drive.

16. Defendant Young would force Plaintiffs to show proof of having a valid driver's license numerous times, although he did not repeatedly ask Caucasian employees for the same.

17. Plaintiffs were never given petty cash to buy supplies for repairs, even though their Caucasian co-workers were.

18. Plaintiffs were being paid significantly less than their Caucasian co-workers who performed the same job duties.

19. Plaintiffs also had racial epithets, slurs and derogatory and stereotypical statements directed towards them by the Defendants.

20. On July 12, 2018, with no warning, Defendant Young held a meeting and laid-off/terminated the Plaintiffs, effective immediately.

21. Defendant Young stated the reason for the lay-off/termination was lack of work for maintenance workers.

22. On July 13, 2018, Plaintiff Tyrun Bell returned to Heritage Apartments to retrieve personal property and noticed a completely new maintenance crew made up of all Caucasian employees.

23. After their lay-off/termination, Plaintiffs, within 300 days of the acts of which they complain, filed charges alleging race discrimination with the Iowa Civil Rights Commission.

3

Case 6:20-cv-02047-CJW-MAR   Document 26   Filed 09/21/20   Page 3 of 6

24. The complaint was subsequently "screened-in" for further review by the Iowa Civil Rights Commission.

25. On April 13, 2020, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission, pursuant to Iowa Code Chapters 216.16, issued Plaintiffs Tyrun Bell, Lee Bell and Roshun Gilmore a Letter of Right-to-Sue with respect to their claim of race discrimination against the Defendants.

26. On June 24, 2020, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission, pursuant to Iowa Code Chapters 216.16, issued Plaintiff Keith Porter, a Letter of Right-to-Sue with respect to his claim of race discrimination against the Defendants.

## COUNT I
## VIOLATION OF IOWA CODE CHAPTER 216-RACE DISCRIMINATION
### (Against All Defendants)

27. Plaintiffs replead paragraphs one (1) through twenty-six (26) as if fully set forth herein.

29. The motivating factor for Defendants Young and Young Management's treatment of the Plaintiffs was their race.

30. Plaintiffs are African American.

31. Plaintiffs were laid off with all other African American maintenance employees and a completely new all Caucasian crew was hired.

32. Plaintiffs were qualified to perform the job as shown by their employment between January 2018 and July 2018.

33. Plaintiffs suffered adverse employment actions including lay-offs and termination.

34. Plaintiffs wrongfully suffered the adverse employment based upon their race.

35. As a result of Defendants Young and Young Management's illegal actions and omissions, Plaintiffs have in the past, and will in the future, suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life, lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE,** Plaintiffs, Tyrun Bell, Lee Bell, Roshun Gilmore and Keith Porter, pray for the following relief:

(a) That the Court declare Defendants Young and Young Management Corporation's conduct complained of herein to be in violation of the Plaintiffs' rights as secured by the Iowa Civil Rights Act;

(b) That the Court permanently enjoin Defendants Young and Young Management Corporation and their owners, officers, management personnel, employees, agents, attorneys, successors, and assigns and those acting in concert therewith from any conduct violation Plaintiffs' rights as secured by the Iowa Civil Rights Act;

(c) That the Court award Plaintiffs compensatory damages;

(d) That the Court award Plaintiffs emotional distress damages;

(e) That the Court order Defendants Young and Young Management Corporation to make whole the Plaintiffs by providing them appropriate

5

past and future lost earnings and benefits with prejudgment interest, and other relief this Court deems appropriate;

(f) That the Court award Plaintiffs attorneys' fees and costs incurred in prosecuting this action; and

(g) That the Court award Plaintiffs such additional and further relief as it deems necessary and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury with regards to the above-titled matter.

**GRIBBLE BOLES STEWART & WITOSKY LAW**

By: */s/ Charles Gribble*
Charles Gribble    AT0003083
*/s/ Christopher Stewart*
Christopher Stewart   AT0013127
2015 Grand Avenue, Ste. 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email: cgribble@gbswlaw.com
         cstewart@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

6

Case 6:20-cv-02047-CJW-MAR   Document 26   Filed 09/21/20   Page 6 of 6